**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02653-REB-MEH

MAHMUD ABOUHALIMA,

    Plaintiff,

v.

MR. ALBERTO GONZALES, "the U.S. Attorney General,"
MR. HARLEY LAPPIN, "the Director of the BOP,"
MR. MICHAEL K. NALLEY, "the Regional Director,"
MR. R. WILEY, "the ADX Warden," and
MR. JOHN DOE, "unknown FBI agent,"

    Defendants.

## ORDER

**Blackburn, J.**

The matters before me are (1) plaintiff's **Appeal of a Magistrate Judge's Order Under 28 U.S.C. § 636(b)(1)(A)** [#60], filed June 23, 2006; (2) plaintiff's **Objection** [#61], filed June 23, 2006; (3) plaintiff's **Objection** [#64], filed July 10, 2006; and (4) plaintiff's **Motion for Seeking Instruction or Direction** [#63], filed July 10, 2006.

The first three motions constitute objections to non-dispositive matters that have been referred to the magistrate judge for resolution.  Under 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be "clearly erroneous or contrary to law."  Having reviewed the magistrate judge's orders, the apposite motions, and their attendant evidentiary exhibits, I conclude that the magistrate judge's orders are not clearly erroneous or

contrary to law.[1]  Nevertheless, I note that the deadline the magistrate judge imposed for the designation of expert witnesses, July 19, 2006 (*see* Minute Order [#62], filed June 30,2006), already has passed as of the date of this Order.  I therefore will afford plaintiff an additional, albeit minimal, extension of the deadline to account for this circumstance.

With respect to plaintiff's motion seeking direction from the court, plaintiff is essentially seeking legal advice from the court, which is improper.  **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Federal Rules of Civil Procedure address many of the issues regarding the conduct of depositions raised by the motion, and plaintiff should continue in whatever efforts he has made to date to work out the logistics of the depositions he wishes to take with counsel for defendants.  If thereafter plaintiff encounters difficulty in effectuating the depositions, he can seek appropriate relief.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Appeal of a Magistrate Judge's Order Under 28 U.S.C. § 636(b)(1)(A)** [#60], filed June 23, 2006, is **DENIED**;

2. That plaintiff's **Objection** [#61], filed June 23, 2006, is **OVERRULED**;

3. That plaintiff's **Objection** [#64], filed July 10, 2006, is **OVERRULED**, but that

---

[1] In particular, I agree with the magistrate judge's findings that plaintiff has not exhausted his administrative remedies insofar as he complains that the Special Administrative Procedures (SAMs) unduly restrict his ability to communicate with legal aid societies who might assist him in prosecuting this case.  (*See* Order at 2 [#59], filed June 12, 2006.)  Although plaintiff did file an administrative grievance regarding the imposition of the SAMs generally, there is no evidence that he ever specifically challenged the SAMs on the basis of their impact on his ability to seek legal counsel.

the expert witness disclosure deadline is **EXTENDED** until **August 4, 2006**; and

    4.  That plaintiff's **Motion for Seeking Instruction or Direction** [#63], filed July 10, 2006, is **DENIED**.

Dated July 20, 2006, at Denver, Colorado.

                                    **BY THE COURT:**

                                    **s/ Robert E. Blackburn**
                                    **Robert E. Blackburn**
                                    **United States District Judge**