IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02653-REB-MEH

MAHMUD ABOUHALIMA,

    Plaintiff,
v.

MR. ALBERTO GONZALES, "the U.S. Attorney General,"
MR. HARLEY LAPPIN, "the Director of the BOP,"
MR. MICHAEL K. NALLEY, "the Regional Director,"
MR. R. WILEY, "the ADX Warden," and
MR. JOHN DOE, "unknown FBI agent,"

    Defendants.

## ORDER ON MOTION FOR PROTECTIVE ORDER

Defendants have filed a Motion for Protective Order (Docket #73) allowing them protection from having to respond to certain discovery requests submitted by Plaintiff. Plaintiff has filed his response, and the matter is briefed.[1] For the following reasons, the Court grants in part and denies in part the motion.

Although directed to various individuals, Plaintiff has submitted 47 requests for admissions, 17 requests for production, 76 written deposition questions, 109 interrogatories, and has requested 16 depositions. Defendants have responded to 19 requests for admission, seven requests for production,

---

[1] The Court should briefly address the issue of the status of the parties in this case. The Motion to Compel was filed on behalf of all Defendants in their official capacities, and Defendants Lappin, Nalley, and Wiley in their individual capacities. The only answer filed in this case, on May 22, 2006, was filed on behalf of the Defendants in their official capacities only. It appears from the record that Defendant Wiley was personally served (through waiver). Docket #39. There is also a certified mail return for Defendant Lappin on March 23, 2006. Docket #18. The United States Attorney General and the United States Attorney have likewise been served. Docket ## 17 & 14, respectively. An Amended Complaint, submitted with leave of Court, was filed on June 8, 2006, but no Answer or other responsive pleading to the Amended Complaint has been filed. The Amended Complaint adds Harrell Watts and the Federal Bureau of Prisons as Defendants. All seven claims in the Amended Complaint are addressed to Defendants in their official capacities.

and 24 interrogatories, while refusing to agree upon any depositions or respond to any written deposition questions.

Defendants first contend that this action is in the nature of a suit under the Administrative Procedure Act (APA), 5 U.S.C. § 702, and that discovery is not normally permitted in APA cases, but Defendants do not rely on that basis as an objection to the currently pending requests. Therefore, the Court will likewise not consider the effect of the APA in this Order.

Next, Defendants rely upon the discovery deadline of July 23, 2006, arguing that many of the discovery requests were submitted so late that the permitted response time would carry the Defendants' responses beyond the close of discovery. Given the *pro se* status of the Plaintiff and the fact that all requests for discovery were submitted within the deadline set by the Court, and also that the deadline for all discovery was subsequently extended to September 30, 2006, the Court will not preclude the requested discovery on the ground of timeliness.

Next, the Defendants argue that the current requests exceed the presumptive limit of 25 for each type of discovery request. Given that the only claims are "official capacity" claims, this lawsuit is against the United States of America, one party defendant. Defendants' argument in this regard is justified. Therefore, Defendants will be required to respond to an additional six requests for admission (for a total of 25). The Court will permit Plaintiff a total of 30 interrogatories, so the Defendants must respond to an additional six interrogatories as well. Defendants must also respond to the remaining 10 requests for production of documents.[2] The Court will not compel any oral depositions, especially given the fact that the Court has been presented with no record concerning how the Plaintiff would accomplish them.

---

[2]Defendants have also argued the relevance of the pending discovery requests. The Court will not consider relevance generally at this point in time, but will reserve any ruling on relevance if and when a properly fashioned motion to compel is presented to the Court. The Court is not directing any particular responses from Defendants to any of the pending discovery requests, other than what the Federal Rules of Civil Procedure would otherwise require or permit.

However, Plaintiff has also requested several depositions upon written questions pursuant to Fed. R. Civ. 31, which is an efficient means by which a confined plaintiff can conduct discovery. No leave of court is required for such discovery. Fed. R. Civ. P. 31(a)(2). Therefore, the Court will direct responses to the Plaintiff's depositions upon written questions to the extent that the depositions are directed to federal employees.

As for the requests for production and the depositions upon written questions, Defendants shall have 30 days from the date of this Order to respond. As for the interrogatories and requests for admission which the Court is allowing, Plaintiff may choose six of each (from the discovery requests already submitted to Defendants) and submit those 12 to the Defendants by November 22, 2006. Defendants shall have 30 days from receipt of Plaintiff's submission in which to respond.

Finally, Plaintiff argues that Defendants have not complied with Local Rule 7.1(A), the duty to confer. Defendants allege that counsel for the Bureau of Prisons "contacted" Plaintiff concerning the Motion for Protective Order. Plaintiff alleges that counsel merely informed him such a motion would be filed. Plaintiff alleges that he would have attempted to work out something with the Defendants had he been given the opportunity. Regardless of who is correct, the Court directs the parties to actually confer, if time permits, concerning all future motions which are covered by Rule 7.1(A).

Accordingly, Defendants' Motion for Protective Order [Filed August 15, 2006; Docket #73] is **granted** in part and **denied** in part as specified herein. Plaintiff is to submit the appropriate number of additional discovery requests by November 22, 2006.

Dated at Denver, Colorado this 6th day of November, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

3