IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02653-REB-MEH

MAHMUD ABOUHALIMA,

      Plaintiff,

v.

MR. ALBERTO GONZALES, "the U.S. Attorney General,"
MR. HARLEY LAPPIN, "the Director of the BOP,"
MR. MICHAEL K. NALLEY, "the Regional Director,"
MR. R. WILEY, "the ADX Warden," and
MR. JOHN DOE, "unknown FBI agent,"

      Defendants.

---

## ORDER ON MOTION TO COMPEL DISCOVERY

---

Plaintiff has filed a Motion to Compel Discovery [Docket #114] concerning certain responses to discovery provided by the Defendants.   For the following reasons, the Court **grants in part and denies in part** the Motion, as explained below.

Documents Addressed in a September 22, 2006 Letter

Plaintiff contends that Defendants agreed to produce certain documents in a September 22, 2006, unsigned letter from William Pharo to Plaintiff.  Plaintiff also seeks the "names and addresses of the new FBI agents who are in charge of enforcing the SAM on plaintiff."  Motion at 3.  In the letter Defendants committed to providing (1) verifications under oath for interrogatory responses; and (2) a list of "rejected mail."  Defendants state that they provided the list of rejected mail twice, in September 2006 and January 2007. Plaintiff does not address this issue in his reply.  Therefore, the Motion to Compel is denied as moot as to these commitments made by the Defendants in their September 22, 2006 letter.  In his reply, Plaintiff states that verifications have never been provided for Harley Lappin and R. Wiley.  The Defendants respond that all verifications have been provided,

but if they have not, they are to be provided within 10 days of the date of this Order.  Finally, Plaintiff does not explain the foundation for his request for the names of FBI agents (*i.e.*, where in his discovery requests that he sought that information and was denied), therefore, the Motion to Compel is denied concerning that issue.

Authenticity of USA Today Article

Plaintiff states that he requested Defendants to admit the authenticity of a newspaper article from USA Today, a copy of which he provided to Defendants.  Defendants do not address this in their response.  Therefore, the Court will deem the authenticity of the article to be admitted.  The Motion to Compel is granted in this regard.

Correction in Lisa Braren's Responses to Discovery

Plaintiff requests that Mr. Braren be required to sign her responses to discovery pursuant to 28 U.S.C. § 1746; she mistakenly cited 28 C.F.R. § 1746.  Defendants represent that they have corrected this.  Therefore, the Motion to Compel is denied as moot insofar as the verification is concerned.

December 26, 2006 Responses to Discovery

Plaintiff contends that Defendants' responses to interrogatories submitted December 26, 2006, were not signed and submitted under oath.  Defendants have provided the certification with their response.  Therefore, the Motion to Compel is denied as moot insofar as the certification is concerned.

Request that Defendants' Objection in Exhibit (8) Be Waived

Plaintiff requests that "defendants' objection in exhibit (8) be waived."  Exhibit 8 to Plaintiff's Motion to Compel is Defendants' Response to Plaintiff's Fourth Request for Admissions.  The only objections raised in that document assert that the individual Defendants are sued in their official

capacities and, therefore, this is an action against the United States, a point that the Court has already made. The objection is sound. Therefore, the Motion to Compel is denied insofar as the objections stated in Defendants' Response to Plaintiff's Fourth Request for Admissions is concerned.

<u>Request that Defendants' Objection in Exhibit (1) Be Overruled</u>

Plaintiff requests that the Defendants "general objection in exhibit (1)" be overruled. Exhibit 1 to the Motion to Compel is Defendants' Response to Plaintiff's Written Discovery Requests. In their general objection, Defendants assert that they are not waiving any objection as to competency, relevancy, materiality, privilege, and admissibility in responding to the discovery requests. The Court agrees that, in general, raising an objection in this manner is not helpful and would not, for example, otherwise protect disclosed information on the ground of privilege. Of course, by providing information and documents, a litigant does not admit the relevancy or materiality of the information, since these objections are generally raised at trial or in dispositive motions. A litigant also does not waive admissibility by providing documents in discovery. The Court will deny Plaintiff's Motion to Compel concerning the general objection, but the issues raised in the general objection will be for the trier of fact to consider.

<u>Request to Admit Authenticity of Exhibits</u>

Plaintiff was permitted to submit six additional requests for admissions. In his sixth request, he sought Defendants' admission as to the authenticity of 22 documents. Defendants admitted to the authenticity of only one exhibit, contending that requesting an admission of authenticity as to 22 exhibits is actually 22 separate requests. In theory the Court does not disagree, but the parties will eventually be required to consider the authenticity of one another's exhibits prior to trial, and the burden is slight on Defendants, so the Court will grant the Motion to Compel insofar as it concerns requiring Defendants to take a position concerning authenticity of the 22 documents submitted by

Plaintiff.

Defendants' Responses to 10 Requests for Production

In its November 6, 2006 Order, the Court directed that Defendants respond to 10 additional requests for production of documents. Plaintiff states that they have not. Defendants do not address this issue. The Motion to Compel is granted in this regard. Plaintiff's request for sanctions is denied without prejudice, but Defendants shall respond within 10 days of this Order.

Miscellaneous Requests

In his Reply Plaintiff raises an issue with regard to documents "with respect to Mr. Harley Lappin's . . . testimony before the Congress." In their September 22, 2006 letter the Defendants admitted that Mr. Lappin testified before Congress, but Defendants did not commit to producing any documents, nor does Plaintiff explain the foundation for his request for such documents (*i.e.*, where in his discovery requests that he sought such documents and was denied), therefore, the Motion to Compel is denied concerning that issue. It appears that Plaintiff wants a transcript of Mr. Lappin's testimony. First, as noted above, Plaintiff does not indicate where this document was previously sought from Defendants in discovery and production was refused. Second, it is likely that such testimony is available to Plaintiff through other means, as such testimony, unless sealed, is normally reproduced in a public record.

In his Reply Plaintiff raises an issue of the Defendants' objections to his First Request for Admissions, Request Nos. 1 & 2. Plaintiff did not raise this issue in his Motion to Compel and, therefore, the Court deems the argument waived.

Accordingly, for the reasons stated above, Plaintiff's Motion to Compel Discovery [Filed January 3, 2007; Docket #114] is **granted** in part and **denied** in part, as specified herein. After receiving the documents outline herein, Plaintiff should expect to file his Response to the Motion for

Summary Judgment on or before April 2, 2007.

Dated at Denver, Colorado this 16th day of February, 2007.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge